UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN MAURICE BEEMON,

        Petitioner,

v.

CASE NO. 2:19-CV-13209
HON. NANCY G. EDMUNDS

RANDEE REWERTS,

        Respondent.
_____/

**OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Michigan prisoner Shawn Maurice Beemon ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner pleaded no contest to armed robbery involving serious injury, MICH. COMP. LAWS § 750.520A, in the Saginaw County Circuit Court and was sentenced, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to 30 to 60 years imprisonment in 2018. In his petition, he raises claims concerning the trial court's denial of his plea withdrawal motion which alleged actual innocence and ineffective assistance of trial counsel, the scoring of his sentencing guidelines, and the accuracy of his pre-sentence report. For the reasons stated herein, the Court denies the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.   Facts and Procedural History**

Petitioner's conviction arises from his assault and robbery of 66-year-old Robert Christopher at Christopher's home in Saginaw, Michigan on May 15, 2017. Petitioner gained

entry to the victim's home through a woman they both knew, had a drink of water, and engaged in some discussion with the victim. He then struck the victim several times with a piece of wood and/or a lamp wood causing a severe head injury, took his television (and possibly his cell phone), and left the scene. 11/1/18 Prelim. Ex. Tr., p. 15, ECF No. 9-1, PageID.135; 11/22/18 Prelim. Ex. Tr., pp. 20-22, ECF No. 9-2, PageID.164-166. The police obtained a glass from the victim's home and Petitioner's DNA was found on the glass. 11/1/18 Prelim. Ex. Tr., pp. 7-8, ECF No. 9-1, PageID.127-128; 11/22/18 Prelim. Ex. Tr., pp. 8-9, ECF No. 9-2, PageID.152-153. Petitioner also confessed to striking and robbing the victim. 11/1/18 Prelim. Ex. Tr., p. 15, PageID.135.

On March 8, 2018, Petitioner pleaded no contest to armed robbery causing serious injury in exchange for the dismissal of an assault with intent to murder charge. 3/8/18 Plea Hrg. Tr., pp. 4, ECF No. 9-4, PageID.189. At that hearing, Petitioner stated that he was 28 years old, that he understood the charges, the plea agreement, and the maximum sentence he faced. *Id*. at pp.5-6, PageID.190-191. He confirmed that he discussed the plea agreement with counsel and understood the rights that he would be giving up by pleading no contest. *Id*. at pp. 6-8, PageID.191-193. Petitioner indicated that he had not been promised anything else and that it was his choice to plead no contest. *Id*. at p.8, PageID.193. The parties stipulated to the preliminary examination as the factual basis for his plea. *Id*. at p. 9, PageID.184. Petitioner also signed an advice of rights form. ECF No. 9-5.

On April 5, 2018, prior to sentencing, Petitioner moved to withdraw his plea because he did not know what was going on, faced a fourth habitual offender enhancement, wanted to get a better plea bargain and/or thought he could beat the case. 4/5/18 Sent. Tr., pp. 4-5, ECF No. 9-6, PageID.203-204. The trial court denied the motion. *Id*. at p. 8, PageID.207. The court reviewed the pre-sentence report and the parties' agreed that it was accurate and

had no changes. *Id*. at pp. 9-10, PageID.208-209. The court then considered Petitioner's criminal record, the sentencing guidelines, the nature of the crime, the victim's age and injuries, and Petitioner's lack of remorse and sentenced Petitioner, as a fourth habitual offender, to 30 to 60 years imprisonment. *Id*. at pp. 10-11, PageID.209-210.

Following sentencing, Petitioner filed a motion to withdraw his plea, or alternatively, for re-sentencing and correction of the pre-sentence report with the trial court asserting that his plea was not voluntary, that defense counsel was ineffective, that two offense variables were mis-scored, and that the pre-sentence information report was inaccurate. ECF No. 9-7. The court conducted a hearing, issued a correction to the pre-sentence report to remove a gang affiliation reference, concluded that the other claims lacked merit, and denied the motion. 10/29/18 Mot. Hrg Tr., pp. 11-12, ECF No. 9-8, PageID.243-244.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals. The court remanded the matter for correction of the pre-sentence report (to remove the gang affiliation reference), but otherwise denied the application for lack of merit in the grounds presented. *People v. Beemon*, No. 346424 (Mich. Ct. App. Dec. 27, 2018); ECF No. 9-11, PageID.269. Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Beemon*, 503 Mich. 1021, 925 N.W.2d 841 (2019).

Petitioner thereafter filed his federal habeas petition. He raises the following claims:

I. The trial court erred in denying his motion to withdraw his plea based upon his claim of actual innocence, and because he was denied effective assistance of counsel.

II. The trial court erred in denying his motion for re-sentencing according to properly scored guidelines.

III. The trial court erred in denying his motion to correct his pre-sentence report.

3

Respondent filed an answer to the petition contending that it should be denied because the claims are not cognizable and/or lack of merit.

## III. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); see also *Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); <u>see also</u> <u>Bell</u>, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been

4

more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of the claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); see also Lopez v. Smith, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Lastly, habeas

review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Analysis

### A. Involuntary Plea/Ineffective Assistance of Counsel Claim

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in denying his motion to withdraw his no contest plea based upon his actual innocence and because trial counsel was ineffective. Respondent contends that this claim is not cognizable in part and that it lacks merit.

Petitioner raised such issues in his plea withdrawal motions and on direct appeal. The trial court concluded that Petitioner failed to show that he was innocent, that his plea was involuntary, or that trial counsel was ineffective and denied relief. The Michigan Court of Appeals denial leave to appeal for lack of merit, and the Michigan Supreme Court denied leave to appeal in a standard order. The state courts' denials of relief are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Brady v. United States*, 397 U.S. 742, 756 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id*. at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Id*. at 755. The voluntariness of a plea "can be determined only by considering all of the

7

relevant circumstances surrounding it." *Id*. at 749.

In this case, the state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 28 years old at the time of his plea and was familiar with the criminal justice system as a repeat offender. There is no evidence that he suffered from any physical or mental problems which impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading no contest. The parties discussed the charges, the terms of the plea agreement, and the consequences of the plea. The parties stipulated to the preliminary examination transcript as the factual basis for the plea. Petitioner indicated he understood the charges and the plea agreement, that he wanted to take the plea, and that he had not been promised anything other than what was included in the plea agreement. Petitioner is bound by those statements. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999).

The fact that Petitioner was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757. A defendant "is not entitled to withdraw his [or her] plea merely because he [or she] discovers long after the plea has been accepted that his [or her] calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady*, 397 U.S. at 757.

Petitioner asserts that his plea is invalid because he is innocent and/or he could have mounted a defense to the charges. A guilty or no contest plea, however, involves a waiver of many constitutional rights, including the right to a trial where the prosecution has the burden of proving guilt beyond a reasonable doubt, the right to confront adverse witnesses,

8

and the right to present evidence in one's defense. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin*, 395 U.S. at 243). A defendant who pleads guilty or no contest waives all pre-plea issues, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including any claim that he or she had a defense to the charges. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Siegel v. New York*, 691 F.2d 620, 626 n. 6 (2d Cir. 1981) (citing *Tollett* and *McMann v. Richardson*, 397 U.S. 759 (1970)). Petitioner waived his right to present a defense by pleading no contest. *See Broce*, 488 U.S. at 569; *Tollett*, 411 U.S. at 267; *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001).

Petitioner relatedly asserts that trial counsel was ineffective in failing to investigate his case and advising him to accept the plea bargain. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, the petitioner must demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that

9

"these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id*. at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

To the extent that Petitioner asserts that trial counsel was ineffective for failing to investigate a defense or take other action during the pre-plea period, he is not entitled to relief. As discussed, claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by the plea. *Broce*, 488 U.S. at 569; *Tollett*, 411 U.S. at 267. The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that [she] is in fact guilty of the offense with which [she] is charged, [she] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty

10

> plea. [She] may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [she] received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply put, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. In such a case, a reviewing court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *Broce*, 488 U.S. at 569. Consequently, Petitioner's claim that counsel was ineffective for failing to take actions during the pre-trial period is foreclosed by his plea and does not warrant relief.

Petitioner also asserts that counsel was ineffective for advising him to plead no contest rather than preparing a defense to the charges. Defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). Petitioner, however, fails to establish that counsel did not investigate is case or was deficient in advising him about the charges, the plea, or possible defenses. H offers no proof, other than his own assertions, regarding what defenses or strategies counsel did or did not discuss with him. "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 571 U.S. 12, 23 (2013) (quoting *Strickland*, 466 U.S. at 689); *see also Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) (rejecting ineffective assistance claim based on counsel's alleged failure to discuss possible defenses where petitioner confirmed his understanding of the plea agreement in court and evidence that counsel failed to discuss defenses consisted only of "self-serving statements").

11

Although Petitioner asserts that he is innocent and believes that he could have defended against the charges, he fails to offer any evidence, other than his own assertions, to support this claim. It is well-settled that conclusory allegations are insufficient to warrant habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review).

Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the charges against Petitioner, the significant evidence of guilt presented at pre-trial hearings, which included Petitioner's inculpatory statements to police, the victim's testimony, and DNA evidence linking Petitioner to the scene, the uncertainties associated with trial, and the lack of a solid defense. Trial counsel was also able to secure the dismissal of an assault with intent to murder charge, which carried a potential life sentence. Having reviewed the record, the Court is satisfied that trial counsel was effective and that Petitioner's plea was knowing, intelligent, and voluntary.

Lastly, to the extent that Petitioner asserts that the trial court erred in denying his plea withdrawal motion (or otherwise asserts a violation of state law), he is not entitled to relief. Such claims are not cognizable on habeas review because they are state law claims. A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378, 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843

(E.D. Mich. 2007) (internal citations omitted); *see also Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Habeas relief is not warranted on this claim.

### B. Sentencing Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in scoring certain offense variables (OV 7 and OV 10) of the state sentencing guidelines such that his sentence is based upon inaccurate information. Respondent contends that this claim is not cognizable and/or that it lacks merit.

Petitioner raised this claim in his post-sentencing motion to withdraw his plea and on direct appeal in the state courts. The trial court ruled that the offense variables were correctly scored and denied relief on this claim. The Michigan Court of Appeals denial leave to appeal for lack of merit, and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' denials of relief are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the

statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentence is within the statutory maximum for his offense as a fourth habitual offender. *See* MICH. COMP. LAWS §§ 750.529A, 769.12. Consequently, his sentence is insulated from habeas review absent a federal constitutional violation.

To the extent that Petitioner contests the trial court's scoring of certain offense variables under state law, he is not entitled to relief. A claim challenging the scoring of the offense variables of the sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *see also Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Alleged errors in scoring the offense variables and determining the sentencing guideline range do not warrant federal habeas relief. As noted, state courts are the final arbiters of state law and federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328; *see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860. Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68.

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing

14

information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. He had a sentencing hearing before the state trial court with an opportunity to contest the scoring of the guidelines and the sentencing decision. He also raised the sentencing issues in his post-sentencing motion to withdraw his plea and on direct appeal. Petitioner fails to establish that the state court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is not warranted on this claim.

Lastly, to the extent that Petitioner asserts that trial counsel was ineffective for failing to object to the scoring of the offense variables, he is not entitled to relief. As discussed, in order to establish that trial counsel was ineffective, a habeas petitioner must show that counsel erred and that he or she was prejudiced by counsel's conduct. *See Strickland*, 466 U.S. at 687. Given the trial court's ruling that the disputed offense variables were correctly scored, as well as the Michigan Court of Appeals' denial of leave to appeal for lack of merit, Petitioner cannot establish that counsel erred at sentencing and/or that he was prejudiced by counsel's conduct. Counsel cannot be deemed ineffective for failing to make a futile or meritless objection. *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020); *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010). Habeas relief is not warranted on this claim.

### C.     Pre-Sentence Report Claim

Petitioner next asserts that he is entitled to habeas relief because the pre-sentence report contained errors with respect to his educational capabilities and his mental health condition such that he was sentenced based upon inaccurate information. Respondent

contends that this claim lacks merit.

Petitioner raised this issue in his post-sentencing motion to withdraw his plea and on direct appeal in the state courts. The trial court found that a correction to the pre-sentence report (other than removal of the gang affiliation reference) was not required based on Petitioner's alleged educational difficulties or mental health condition. The Michigan Court of Appeals denied leave to appeal for lack of merit (other than the remand to remove the gang affiliation reference), and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' denials of relief are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. As discussed, a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also Tucker*, 404 U.S. at 447; *Sammons*, 918 F.2d at 603. To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *Polselli*, 747 F.2d at 358; *Draughn*, 803 F. Supp. at 81. Petitioner makes no such showing. He had a sentencing hearing before the state trial court with an opportunity to contest the pre-sentence report and the sentencing decision. He also raised the sentencing issues in his post-sentencing motion to withdraw his plea and on direct appeal. Petitioner fails to establish that the state court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is not warranted on this claim.

Lastly, to the extent that Petitioner asserts that trial counsel was ineffective for failing to challenge the accuracy of the pre-sentence report, he is not entitled to relief. As discussed, in order to establish that trial counsel was ineffective, a habeas petitioner must

show that counsel erred and that he or she was prejudiced by counsel's conduct. See *Strickland*, 466 U.S. at 687. Given the state trial court's ruling that corrections to the report were unwarranted, as well as the Michigan Court of Appeals' denial of leave to appeal for lack of merit, Petitioner cannot establish that counsel erred at sentencing and/or that he was prejudiced by counsel's conduct. Counsel cannot be deemed ineffective for failing to make a futile or meritless objection. See *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020); *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010). Habeas relief is not warranted on this claim.

V. **Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good

faith.  See Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

   **IT IS SO ORDERED**.

                   <u>s/ Nancy G. Edmunds</u>
                    NANCY G. EDMUNDS
                   UNITED STATES DISTRICT JUDGE

Dated:  April 7, 2022